

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 12, 1948

Hon. O. B. Ellis                    Opinion No. V-498
General Manager
Texas Prison System                 Re: Authority of the State
Huntsville, Texas                       Prison System to hold
                                        insane criminals

     You request an opinion from this Department
upon the above captioned subject matter as follows:

> "It has been called to my attention
> that we are holding three prisoners whose
> time has expired because they have been
> adjudged insane. The attached memo gives
> the names, numbers, ages, county of crime,
> sentence, home address and expiration date
> of these three men. I find in our files a
> ruling of your department that the custody
> of insane criminals is a responsibility of
> the Prison System for the duration of their
> sentences.

> "I would appreciate an opinion from you
> as to what authority I have to hold these
> men beyond their expiration date. It was my
> thought that they should be returned to the
> sheriff of the county in which they were sen-
> tenced and from that point on, they would be
> handled as other insane cases are handled."

     We assume from your request that the prisoners
in question were lawfully adjudged insane by the County
Judge of Walker County in accordance with the provisions
of Article 3186a, V.C.S., and were committed to the State
Prison Psychopathic Hospital before their sentences   had
expired.

     Article 6203e, V.C.S., provides in part as fol-
lows:

> "Section 1. That there shall be built,
> established and maintained, as a part of the
> Prison System of Texas, an Institution for
> the examination, observation, treatment and

incarceration of all persons who have
been convicted of felony, and who have
been duly adjudged insane by any com-
petent court at law in the State of
Texas; and, who have been acquitted by
a court of competent jurisdiction upon
the grounds of insanity; said institu-
tion to be known as the State Prison
Psychopathic Hospital.

"Sec. 4. When any person shall be
confined in any jail, asylum or other in-
stitution of confinement, who is charged
by indictment and has been convicted of
felony in this State and who has been duly
adjudged insane by a Court of Competent
Jurisdiction, upon the grounds of insanity
shall be confined in said Institution and
all persons who are now confined in the
State Hospital for the insane who are clas-
sified by the superintendents of said dif-
ferent Hospitals for the insane as criminal-
ly insane shall upon proper certificate from
the superintendent be transferred from said
Hospital for the Insane to the State Psycho-
pathic Hospital.

"Sec. 8. . . . that a great many pris-
oners have been committed to the various
State Hospitals for mental diseases and have
escaped, and that escaped insane prisoners
are a menace to the people of this State.
. . ."

A careful reading of the above statutes re-
veals a legislative intent to create within the prison
walls a place of incarceration for the criminally in-
sane where they could be adequately cared for and
guarded. While the Legislature did not attempt to de-
fine specifically what it meant by "criminally insane",
we believe it fairly inferable from the above act that
they did mean to include within that classification
those persons who have been convicted of a felony and
who have subsequently been adjudged insane. From the
facts which you have furnished us we have concluded
that the three prisoners to whom you refer are within
this classification. Therefore, you are advised that
under Article 6203e, supra, you are authorized to re-
tain custody of the three insane prisoners, at least
until such time as they are adjudged sane.

We note from your request that you assume that the sentences of these three insane convicts have "expired". While we find it unnecessary now to pass upon the question of when the sentence of an insane felon expires, we refer you to Attorney General's Opinion No. O-5721, by a former administration, a copy of which is enclosed, which contains this statement:

"We are of the opinion that the foregoing discussion discloses a legislative policy in Texas of not subjecting insane persons to criminal punishment, and that the time spent by an insane in a state hospital should not be counted on his sentence as a criminal."

## SUMMARY

The authorities of the State Prison System may retain custody of three convicts who have been adjudged insane and committed to the State Prison Psychopathic Hospital even though they have been incarcerated for the period of their sentences. Article 6203e, V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   Martin Harris
     Martin Harris
     Assistant

MH/lh

APPROVED:

Price Daniel
ATTORNEY GENERAL

Considered and approved in Conference